*132 OPINION.
Love:
The only question in this case- is whether petitioner is entitled, to any deduction from its gross income for the year 1924 on account of the plates which became worthless during that year. On its return, petitioner claimed as a deduction an amount of $157,687.09. In its petition, petitioner only claimed an amount of $125,632.78. It now concedes that, if it is entitled to any deduction, the amount thereof should not exceed the remaining undepreciated cost of the plates on December 31, 1924, in the amount of $64,954.34.
Respondent contends that section 203 (b) (3) of the Revenue Act of 1924 precludes the allowance of the deduction as claimed. This section reads as follows:
No gain or loss shall be recognized if a corporation, a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.
We do not think that the above quoted section has any application to the question presented in the instant case, for the reason that petitioner did not agree to exchange, nor did it exchange, any metal plates for stock or securities in another corporation. The final offer of sale made by petitioner to the new corporation specifically excluded the plates from the transaction in the following language:
* * * And excepting such other items as may be specified in the statement to be submitted by Price, Waterhouse & Co., as of December 31, 1924, and as such items may be agreed upon between L. D. Palls on behalf of American Bag Company and the President of Chase Bag Company of Delaware.
The statement submitted by Price, Waterhouse & Co., as of December 31, 1924, excluded from the assets of petitioner the plates in question. The Chase Bag Co. of Delaware refused to pay petitioner any consideration for the plates. ISTo stock or securities of the new corporation were issued to petitioner for the plates. Such circumstances show that the plates were specifically excluded from the transaction.
We think the evidence clearly supports a finding that the plates became worthless during the year 1924, by reason of the fact that on December 31, 1924, petitioner ceased manufacturing bags; that the plates were then of no value to petitioner or to anyone else; that the plates had no salvage value; and that petitioner was entirely justified in determining them to be worthless and in charging them off its books. The plates had become entirely obsolete. It follows that the respondent was in error in refusing to allow as a deduction from gross income under section 234 (a) (7) of the Revenue Act of *133 1924, for the year 1924, the remaining undepreciated cost of the plates in the amount of $64,954.34. See Zouri Drawn Metals Co., 8 B. T. A. 853.
Reviewed by the Board.

Judgment will ~be entered under Bule 50.